**PROVISIONAL ORDER NO. 18.**

Supreme Court of Rhode Island.

Feb. 1, 1983.

## GUIDELINES FOR USE OF LEGAL ASSISTANTS

These guidelines shall apply to the use of legal assistants by members of the Rhode Island Bar Association. A legal assistant is one who under the supervision of a lawyer, shall apply knowledge of law and legal procedures in rendering direct assistance to lawyers, clients and courts; design, develop and modify procedures, techniques, services and processes; prepare and interpret legal documents; detail procedures for practicing in certain fields of law; research, select, assess, compile and use information from the law library and other references; and analyze and handle procedural problems that involve independent decisions. More specifically, a Legal Assistant is one who engages in the functions set forth in Guideline II. Nothing contained in these guidelines shall be construed as a determination of the competence of any person performing the function of a legal assistant, or as conferring status upon any such person serving as a legal assistant.

## GUIDELINE I

A lawyer shall not permit a legal assistant to engage in the unauthorized practice of law. Pursuant to Canon 3 of the Rhode Island Supreme Court Code of Professional Responsibility, the lawyer shares in the ultimate accountability for a violation of this guideline. The legal assistant remains individually accountable for engaging in the unauthorized practice of law.

## GUIDELINE II

A legal assistant may perform the following functions, together with other related duties, to assist lawyers in their representation of clients: attend client conferences; correspond with and obtain information from clients; draft legal documents; assist at closings and similar meetings between parties and lawyers; witness execution of documents; prepare transmittal letters; maintain estate/guardianship trust accounts; transfer securities and other assets; assist in the day-to-day administration of trusts and estates; index and organize documents; conduct research; check citations in briefs and memoranda; draft interrogatories and answers thereto, deposition notices and requests for production; prepare summaries of depositions and trial transcripts; interview witnesses; obtain records from doctors, hospitals, police departments, other agencies and institutions; and obtain information from courts. Legal documents, including but not limited to, contracts deeds, leases, mortgages, wills, trusts, probate forms, pleadings, pension plans and tax returns, shall be reviewed by a lawyer before being submitted to a client or another party.

In addition, except where otherwise prohibited by statute, court rule or decision,

administrative rule or regulation, or by the Code of Professional Responsibility, a lawyer may permit a legal assistant to perform specific services in representation of a client. Thus, a legal assistant may represent clients before administrative agencies or courts where such representation is permitted by statute or agency or court rules.

Notwithstanding any other part of this Guideline,

1) Services requiring the exercise of independent professional legal judgment shall be performed by lawyers and shall not be performed by legal assistants.

2) Legal assistants shall work under the direction and supervision of a lawyer, who shall be ultimately responsible for services and duties performed by legal assistants.

3) The lawyer maintains direct responsibility for all aspects of the lawyer-client relationship, including responsibility for all actions taken by and errors of omission by the legal assistant.

## GUIDELINE III

A lawyer shall direct a legal assistant to avoid any conduct which if engaged in by a lawyer would violate the Code of Professional Responsibility. In particular, the lawyer shall instruct the legal assistant regarding the confidential nature of the attorney/client relationship, and shall direct the legal assistant to refrain from disclosing any confidential information obtained from a client or in connection with representation of a client.

## GUIDELINE IV

A lawyer shall direct a legal assistant to disclose that he or she is not a lawyer at the outset in contacts with clients, courts, administrative agencies, attorneys, or, when acting in a professional capacity, the public.

## GUIDELINE V

A lawyer may permit a legal assistant to sign correspondence relating to the legal assistant's work, provided the legal assistant's non-lawyer status is clear and the contents of the letter do not constitute legal advice. Correspondence containing substantive instructions or legal advice to a client shall be signed by an attorney.

## GUIDELINE VI

Except where permitted by statute, court rule or decision, a lawyer shall not permit a legal assistant to appear in court as a legal advocate on behalf of a client. Nothing in this Guideline shall be construed to bar or limit a legal assistant's right or obligation to appear in any forum as a witness on behalf of a client.

## GUIDELINE VII

A lawyer may permit a legal assistant to use a business card, with the employer's name indicated, provided the card is approved by the employer and the legal assistant's non-lawyer status is clearly indicated.

## GUIDELINE VIII

A lawyer shall not form a partnership with a legal assistant if any part of the partnership's activity involves the practice of law.

## GUIDELINE IX

Compensation of legal assistants shall not be in the manner of sharing legal fees, nor shall the legal assistant receive any remuneration for referring legal matters to a lawyer.

## GUIDELINE X

A lawyer shall not use or employ as a legal assistant any attorney who has been suspended or disbarred pursuant to an order of this court, or an attorney who has resigned in this or any other jurisdiction for reasons related to a breach of ethical conduct.

Entered as an order of this court this 1st day of February, 1983.

/s/ Joseph A. Bevilacqua
Chief Justice
/s/ Thomas F. Kelleher
Associate Justice
/s/ Joseph R. Weisberger
Associate Justice
/s/ Donald F. Shea
Associate Justice